PROVO STY, J.
The plaintiff, as trustee in bankruptcy of Philip Phiel, and the defendant firm, executed a written instrument by which a certain sawmill outfit and certain timber contracts belonging to the bankrupt estate were sold to the defendant firm. The sale was made subject to the approval of the District Court of the United States for the Northern District of Illinois, wherein the bankruptcy proceedings were pending. No time was fixed in this instrument within which this approval by the bankruptcy court should be obtained; but immediately after the instrument had been signed, and while all parties were still present, the defendant firm brought up the question of the time within which such approval should have to be obtained, mentioning the fact that the point was important, in view of another timber proposition the firm had under consideration, and the parties agreed that a delay of 10 days should be allowed for that purpose.
This 10 days’ delay having expired without the approval having been obtained, the defendant firm notified the plaintiff trustee that the deal was off.
The plaintiff trustee proceeded, nevertheless, to have the proposed contract approved, and then insisted upon the defendant firm carrying it out, and, after having taken the necessary steps for putting the defendant firm in default in the premises, sold the property to other parties, as being the best thing to be done in the interest of all parties concerned, and then brought the present suit for the difference between the price of the sale to these parties and that of the proposed sale to defendant.
The defenses are, first, that the timber contracts proposed to be sold were void, and that, therefore, the proposed sale of them was void; second, that said timber contracts were burdened with conditions which made them wholly unacceptable, and that said conditions, which had been stipulated in separate instruments, were designedly kept from defendant, and were, in fact, unknown to defendant at the time the instrument sued on *576 was executed; third, that the trustee was wholly without quality to bind the bankrupt estate by contract, except with the approval of the bankruptcy court, and that, before such approval of the said proposed contract could be obtained, the useful time within which to secure it expired, and defendant was at liberty to withdraw its proposition to enter into said contract, and did withdraw it, and that, as a consequence, the said proposed contract never matured into a contract.
There are other defenses, which we spare ourselves the trouble of mentioning, as we think we can safely rest our decision upon that thirdly above mentioned.
The trustee testified that all that was said with regard to a 10 days’ delay was that a notice of 10 days would have to be given to the creditors of the bankruptcy. He is contradicted, however, on that point by several witnesses, whose testimony leaves no room for doubt on the subject, especially that these several witnesses are corroborated by the following telegram, sent 8 days after the expiration of the 10 days’ delay:
“Chicago, Eeby. 28th, 1007.
“Selden & Wright, Winnfield, La.: Court requests that we give creditors ten days’ notice before finally accepting proposition. Wire quick if same holds good until approval can be secured, E'dward Everett, Trustee.”
The trustee testified that this telegram was not sent by him, but by the clerk of the principal creditor of the bankrupt estate and without his authority. Be this as it may, the telegram shows that those interested in the bankrupt estate in Chicago were under the impression that the approval of the proposed contract was being delayed beyond a time when it could be binding on the defendant firm without the further consent of said firm.
The defendant having withdrawn the proposition after the expiration of the delay allowed for accepting it, and before acceptance of it, the proposition never matured into a contract.
The learned counsel for plaintiff contend that the approval of the bankruptcy court was not essential to the formation of the contract, since the trustee had authority by virtue of his office to enter into the contract. Perhaps the trustee had such authority, but the agreement of the parties was that there should be such an approval, and a delay was fixed for obtaining it, beyond which the proposition of contract should no longer be binding on defendant.
Judgment affirmed.